# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON D.H., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18-CV-163-JED-JFJ |
| ANDREW M. SAUL,[1] Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is the Report and Recommendation (R&R) of United States Magistrate Judge Jodi F. Jayne (Doc. 22), plaintiff's Objection (Doc. 23), and the defendant's response (Doc. 24). In the R&R, Judge Jayne recommends that the Court affirm the decision of the Commissioner of the Social Security Administration (Commissioner) denying the plaintiff disability benefits.

**I.    Standard of Review**

Pursuant to Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." The Court's task

---

[1]    Effective June 17, 2019, Andrew M. Saul became the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Saul is substituted as the defendant in this action.

of reviewing the Commissioner's decision involves determining "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).

## II.     Discussion

In his Objection, the plaintiff essentially re-argues the original briefing on this social security appeal. Judge Jayne thoroughly addressed each issue. The Court has reviewed the prior proceedings and record *de novo* and concurs with Judge Jayne's R&R, as described below.

The plaintiff first argues that the Administrative Law Judge (ALJ) did not follow the prior remand order, because the ALJ "completely avoided her earlier, contrary findings." (Doc. 23 at 1). However, on remand, an ALJ is not bound by her earlier decision. *See Campbell v. Bowen*, 822 F.2d 1518, 1522 (10th Cir. 1987). An ALJ must follow the order of the Appeals Council, but is also permitted to take "any additional action that is not inconsistent with the . . . remand order." 20 C.F.R. §§ 404.977(b), 416.1477(b). Binding the ALJ to the prior decision "would discourage administrative law judges from reviewing the record on remand, checking initial findings of fact, and making corrections, if appropriate." *Campbell*, 822 F.2d at 1522.

The Appeals Council remanded to the ALJ for reconsideration and instructed the ALJ to (1) give further consideration to the claimant's maximum RFC during the entire period, evaluate the treating source opinion pursuant to specific regulations and rulings, and explain the weight given to such opinion evidence, (2) further evaluate whether the claimant can perform past relevant work, and (3) if warranted by an expanded record,

obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base. (Administrative Transcript, Doc. 15-9 at 12 of 37). The ALJ held another hearing, at which the plaintiff testified, and provided the plaintiff an opportunity to provide additional medical records. Upon the evidence, the ALJ decided the case at step two, which was permissible in light of *Campbell* and the Code of Federal Regulations regarding the ALJ's authorized actions on remand.

The plaintiff next argues that the ALJ (1) did not properly consider the opinion of the treating physician, Dr. Schumann, (2) did not afford proper weight to Schumann's opinion in comparison to the opinion of the agency reviewers, and (3) contradicted her prior determinations regarding Schumann's opinion. Judge Jayne appropriately evaluated the plaintiff's arguments (*see* Doc. 22 at 10-14) and, upon review of the record, the Court agrees with Judge Jayne's analysis on those arguments.

Plaintiff's final argument is that the ALJ failed to properly evaluate the medical evidence, which "indicates [the ALJ] could not possibly have properly considered [the plaintiff's] consistency and credibility." (Doc. 23 at 6). Plaintiff contends that the ALJ erred by discounting the plaintiff's statements relating to problems with activities of daily living. However, the ALJ specifically explained reasons for finding the plaintiff's reports of symptoms inconsistent with objective medical evidence, the agency reviewer opinion, and plaintiff's own statements. (*See* Doc. 15-8 at 15-20 of 105).

**III.     Conclusion**

The Commissioner's fact findings are supported by substantial record evidence, and the correct legal standards were applied. The Court **accepts** the R&R (Doc. 22) and affirms the decision of the Commissioner. A separate Judgment will be entered.

SO ORDERED this 3rd day of November, 2020.

_____
JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT